## SELBY v MAYFLOWER HOTEL

Ohio Appeals, 9th Dist, Summit Co.

No. 3139.   Decided April 24, 1939.

Charles F. Scanlon, Akron, and Clarence L. Becker, Akron, for appellant.

Musser, Kimber & Huffman, Akron, for appellee.

## OPINION

PER CURIAM:

In this appeal on questions of law plaintiff (appellant) seeks the reversal of a judgment entered in the trial court upon a verdict of the jury in favor of the defendant (appellee). The only assignment of error urged by appellant is that the trial court erred in its general charge to the jury.

The record discloses that plaintiff was injured by a fall while on defendant hotel company's premises, and suffered serious consequences therefrom.

In its general charge, the trial court submitted to the jury the issue of whether or not plaintiff was upon defendant's premises as an invitee, which issue was raised by the pleadings. There is no evidence in the record, however, indicating that plaintiff was upon said premises in any other capacity than that of an invitee, and what evidence there was indicates clearly that he was there only as an invitee, and the trial court should have so charged the jury as a matter of law. Stating to the jury that it should determine whether or not plaintiff was an invitee, and, if not, that plaintiff had no right of recovery against the defendant under the facts contained in this record, was error.

On the subject of the negligence of the defendant, the court charged the jury as follows:

"A hotel proprietor in this connection is under a continuing duty of inspection of the building to the end of seeing that it is reasonably safe for the protection of his customers and those whom he invites to come into it; and if he or it neglect his duty in this respect so that it becomes unsafe and dangerous, the question of his knowledge or ignorance of the defect which renders it unsafe is immaterial.

"Now, ladies and gentlemen of the jury, what I have said, you will understand, is the law applicable to this hotel's duties toward a patron as to the presence of something connected with the operation of its business. Now, as to the presence of something not connected with the operation of its business, and not placed there by the hotel or its servants, which renders the premises unsafe and dangerous, the law is that the hotel is not under a continuing duty of inspection and is not responsible without its knowledge of the situation or proof that the conditions had existed for such a length of time as to charge the defendant with notice."

The record shows that the room where plaintiff fell had been used for a number of years as a storeroom for musical instrument cases of persons who were members of the orchestra playing in the hotel, the music of which orchestra being furnished in connection with the prosecution of the business of the hotel, and also that plaintiff was invited to use the room by the mana-

ger of the hotel, who opened the door thereof and turned on the light therein.

Under the circumstances here disclosed, the defendant hotel company was charged with knowledge of the presence of said instrument cases upon the floor of the room into which plaintiff was invited, and whether or not defendant owed plaintiff a duty to warn him thereof, was a question for determination by the jury under proper instructions.

If we are right in this conclusion, then the charge that the defendant would not be responsible without its knowledge of the situation, or proof that the conditions had existed for such a length of time as to charge the defendant with notice, introduced for the jury's consideration an issue which properly had no place in the charge, the giving of which was error.

On the subject of contributory negligence, the court charged upon that subject four different times in its general charge, and in two of said instances it charged that the plaintiff could not recover if he himself was negligent "even in the slightest degree". The next to the last of the charges upon that subject was given at the end of the general charge, and then at the suggestion of counsel for defendant the court charged on the duty of the plaintiff to look and see visible objects on the floor of the room in question, and again repeated the consequences attendant upon the contributory negligence of plaintiff. It is our opinion that the continued repetition of the charge on contributory negligence placed undue emphasis on that issue, and in that respect was error. Furthermore, the use of the phrase "even in the slightest degree", while not held to be prejudicial error, has been criticized by the Supreme Court, and, in connection with charges upon the subject of contributory negligence, is not a phrase the use of which is recommended.

Under the evidence shown by the record in this case, we are of the opinion that the combination of errors enumerated above constituted such error as was prejudicial to the substantial rights of the plaintiff in this action, and that the jury probably was misled by the charge as given.

The judgment will therefore be reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.